**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORRINA MARKLEY, | No. 20-35956 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05058-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted June 23, 2023**

Before: WALLACE, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

Corrina Markley appeals pro se from the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

First, substantial evidence supports the ALJ's decision to credit Dr. Patamia's June 2015 opinion and to interpret his assertion that Markley was incapable of full-time work as limited to Markley's abilities to perform her past work. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) (establishing that the ALJ is responsible for resolving conflicts and ambiguities in the medical evidence); *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." (quotation marks and citation omitted)).

Second, the ALJ provided specific and legitimate reasons to discount Dr. Patamia's January 2016 opinion as speculative, limited in usefulness, and inconsistent with his own later treatment notes. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that an ALJ may reject a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings (citations omitted)); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (reasoning that opinions noting an applicant's "limited or fair" ability to perform in the workplace are "not useful" because they do not specify the functional limits required for determining residual functional capacity ("RFC")

2

(internal quotation marks omitted)). Any error in the ALJ's additional reason for discounting Dr. Patamia's January 2016 opinion was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008) (ruling that error is harmless where it is "inconsequential to the ultimate nondisability determination" (quotation marks and citation omitted)).

Finally, any error in the ALJ's failure to expressly address Dr. Patamia's February 2016 opinion was harmless. *See id.* Critically, the ALJ's analysis and RFC accounted for Markley's improvement with treatment and the specific limitations Dr. Patamia noted in his February 2016 opinion. Moreover, explicit consideration of Dr. Patamia's statements regarding "likely needed accommodations" would have been inconsequential to the ALJ's decision because the ALJ rejected similar suggestions as too speculative.

Because Markley raises multiple issues for the first time on appeal, none of which entails an "exceptional case in which review is needed to prevent a miscarriage of justice," we decline to consider these claims. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED**.